New Jersey Department of Labor,
Workmen's Compensation Bureau.

ROBERT WHEELER, PETITIONER, v. WOLCOTT HOLDING COMPANY, RESPONDENT.

For the petitioner, *Samuel Greenstone*.

For the respondent, *Harley, Cox & Walburg*.

\*　　\*　　\*　　\*　　\*　　\*　　\*

2. Whereas, it appears from the testimony that the petitioner was in the employ of the respondent on the 24th day of March, 1927, working as a mason's assistant receiving wages at the rate of $49.50 a week; and

3. Whereas, on the 24th day of March, 1927, the petitioner was struck upon the forehead by a small chip of brick, small enough to go through a hole in the man's pocket, which fell a distance of a few feet, lacerating the petitioner's forehead and causing it to bleed freely, the said accident arising out of and in the course of the petitioner's employment; and

4. Whereas, the petitioner was immediately taken to Dr. Maurice Avidan for treatment and was treated by the said doctor until the 18th day of April, at which time the said doctor discharged the petitioner as cured; said Dr. Avidan testifying at the time of trial that during the course of his treatment to the said petitioner he noticed no symptoms of syphilis present; and

5. Whereas, the petitioner advised Dr. Avidan at the time of being discharged, according to the doctor's testimony, that he was cured of all injuries, which he had received; and

6. Whereas, according to the testimony of William Kuhl of

the New Amsterdam Casualty Company, the insurance carrier for the respondent, the petitioner represented to him on May 9th, 1927, that he was entirely cured of any injuries which he might have received at the time of the accident, and the petitioner being present at an informal hearing before the workmen's compensation bureau on the 9th day of May, 1927, at which time his case was closed out in his presence by Referee Wegner upon the ground that the petitioner had fully recovered; and

7. Whereas, it appears by a test made on February 15th, 1928, that at that time the petitioner was suffering from syphilis, which had reached the state which is known as a three-plus stage and which had begun to effect his central nervous system, and it being the petitioner's theory that the syphilis effecting the central nervous system antedated the accident above referred to, and was in a dormant stage at the time that the accident occurred and was aggravated by the accident which he suffered; and

8. Whereas, it appears from the testimony of Dr. Avidan that in the opinion of that doctor the injuries which the petitioner received were not severe enough to aggravate the petitioner's condition, assuming that he had syphilis effecting his central nervous system, which was in a latent condition, prior to the 24th day of March, 1927, and Dr. Dowd testified for the petitioner that if the petitioner had had syphilis prior to March 24th, 1927, he would have had certain definite symptoms, none of which the petitioner testified to upon the stand; and whereas, it also appears from the testimony of Dr. Dowd, Dr. Hurff, Dr. Avidan and Dr. Kessler that syphilis is of a progressive nature with periods of remission, and that the disease of syphilis could have progressed to the extent found in the petitioner's condition at the time of his examination by Dr. Dowd in November, 1927, without being aggravated by any trauma.

Now, therefore, it is ordered that the petition filed by the petitioner in this case be dismissed and that judgment be entered in favor of the respondent.

HARRY J. GOAS,
*Deputy Commissioner.*